**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**LOWANDA MITCHELL,**

    **Plaintiff,**

    v.

**KEYBANK NATIONAL
ASSOCIATION, et al.,**

    **Defendants.**

Case No. 2:25-cv-310
**JUDGE DOUGLAS R. COLE**
Magistrate Judge Deavers

## ORDER

This cause is before the Court on the Magistrate Judge's April 25, 2025, Report and Recommendation ("R&R," Doc. 6) advising the Court to dismiss Lowanda Mitchell's complaints (Docs. 4, 4-1, 5) against all Defendants, except for KeyBank National Association. For the reasons briefly discussed below and given the lack of any objections to the R&R, the Court **ADOPTS** the R&R (Doc. 6), **DISMISSES WITH PREJUDICE** Mitchell's claims against the Judge Defendants and the Franklin County Recorder's Office, and **DISMISSES WITHOUT PREJUDICE** Mitchell's claims against the other Defendants, except for the claims against KeyBank, which may proceed.

On March 26, 2025, Plaintiff Mitchell moved for leave to file her Complaint in forma pauperis. (Doc. 1). Shortly after, the Magistrate Judge granted Mitchell's motion. (Doc. 3). Mitchell proceeded to file two complaints. She filed the first Complaint on April 8, 2025, (Doc. 4), but then filed a second "Original Complaint" on April 16, 2025, (Doc. 5). Along with these complaints, she also attached a document

to her first Complaint, titled "Complaint for Fraud, Unjust Enrichment, Fraud upon the Court, and Monetary Damages." (Doc. 4-1).

As the Magistrate Judge noted, these complaints raise a variety of claims: "Breach of Contract, Fraud in the Factum, Breach of Fiduciary under Ohio Trust Law, Violation of the Ohio Uniform Commercial Code, Violation of the Truth in Lending Act, Violation of the Consumer Credit Protection Act, Violations of MERS Procedures, Securities Fraud under the Ohio Securities Act, Violations of the Dodd-Frank Act, Violation of the Real Estate Settlement Procedures Act, Violation of the Fair Debt Collection Practices Act, Breach of the Covenant of Good Faith and Fair Dealing, Violation of the Ohio Civil RICO Statute, … Pattern of Misconduct by KeyBank, Fraudulent Misrepresentation in Borrower Covenant, Lack of Standing and Wrongful Foreclosure, and Restitution." (Doc. 6, #166). But all of these claims appear to arise out of Mitchell's concerns about the way in which KeyBank allegedly transferred Mitchell's mortgage from one KeyBank entity ("KeyBank National Association") to another KeyBank entity ("Key Bank National Home Loan Trust 2002-6"). (Doc. 4, #115). According to Mitchell, the transfer "stripp[ed] Plaintiff of her rights under the mortgage agreement." (*Id.*). Ultimately, it appears that it also led to "foreclosure proceedings" that resulted in Mitchell being "forcibly removed from her home based on misrepresentations to the court and fraudulent documents." (Doc. 5, #150). And Mitchell appears to believe that the various non-KeyBank defendants, including two attorneys (Jessica M. Johnson and Tamara Gurchik (the attorney Defendants)), and two judges (Judges Colleen O'Donnell & Andria Noble (the Judge

2

Defendants)) among others, all wrongfully participated in that foreclosure action. (*See generally* Doc. 4-1).

The Magistrate Judge screened Mitchell's Complaints. Based on that, she issued an R&R on April 25, 2025, advising the Court to dismiss Mitchell's claims against all Defendants except for KeyBank. (Doc. 6). The R&R concluded that Mitchell's fraud claims against the Judges and attorneys failed because they were "wholly vague and conclusory," and, as to the Judge Defendants, because of absolute immunity. (*Id.* at #167–69). Further, the claims against the Franklin County Recorder's Office fail because it is "not a legal entity capable of being sued." (*Id.* at #169). Lastly, although Plaintiff names other Defendants in the caption, she does not make any factual allegations against them. (*Id.* at #170). Therefore, the Magistrate Judge recommends dismissal as to those Defendants, too. (*Id.*).

The R&R also specifically advised the parties that failing to object within the 14 days specified in the R&R may result in forfeiture of rights on appeal, which includes the right to District Court review. (*Id.* at #171); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R … is forfeiture"); 28 U.S.C. § 636(b)(1)(C). The time for filing objections has passed, and neither party has objected.

3

Although neither party objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). Consistent with that admonition, the Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

The Magistrate Judge begins by setting out the correct legal standards that govern pleading requirements. (Doc. 6, #162–63). Most important here, a plaintiff's complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While this does not mean "detailed factual allegations," the plaintiff cannot simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). And the Magistrate Judge correctly described the legal standard for absolute judicial immunity. (Doc. 6, #168).

The R&R likewise did not clearly err in applying those standards to Mitchell's claims. (Doc. 6). First, as to Defendants Johnson and Gurchik (the attorneys), Mitchell only states that they are "attorneys who knowingly participated in fraudulent court proceedings," that the "foreclosure proceedings continued under an altered case number with different judges and attorneys," and so "two different judges and attorneys handled the same case without notice, violating Plaintiff's rights."

4

(Doc. 4-1, #142–43). The Court agrees with the Magistrate Judge that Plaintiff's allegations "are wholly vague and conclusory," and so fail to state a claim. (Doc. 6, #168). The claims against the two Judge Defendants fail for the same reason. (*Id.*). Additionally, those claims fail because judges enjoy absolute immunity, unless the claim is for nonjudicial action or if the judge lacked jurisdiction. (*Id.* at #168 (citing *Harvey v. Franklin Cnty., Ohio*, No. 2:22-cv-3886, 2023 WL 3688172, at *3 (S.D. Ohio May 25, 2023))). The claims here relate to the two Franklin County judges' determinations regarding the underlying foreclosure, a judicial action, and they had jurisdiction over the Columbus property because it was located within Franklin County. (*Id.* at #168–69; Doc. 4, #115 (listing property address)). So the judges are protected by immunity. And that immunity means that they are entitled to the dismissal of these claims against them with prejudice. *See Uhrig v. Johnson*, No. 24-5601, 2025 WL 1827793, *2 (6th Cir. March 27, 2025) (affirming dismissal with prejudice on judicial immunity grounds).

The Magistrate Judge did not clearly err when evaluating the Franklin County Recorder's Office either. The Court agrees that a county recorder's office "is not a legal entity capable of being sued." (*Id.* at #169 (citing *El-Bey v. United States*, No. 1:21-cv-574, 2022 WL 394379, at *4 (S.D. Ohio Feb. 9, 2022), *report and recommendation adopted*, No. 1:21-cv-574, 2022 WL 2835003 (S.D. Ohio July 20, 2022) and *Pratt v. Ohio*, No. 1:15-cv-510, 2015 WL 5447789 at *2 (S.D. Ohio Sep. 16, 2015), *report and recommendation adopted*, No. 1:15-cv-510, 2015 WL 5884895 (S.D. Ohio Oct. 7, 2015))). Thus, dismissal with prejudice is proper as to that Defendant.

5

Finally, the R&R correctly applied the pleading requirements to the remaining Defendants. While Defendants Frandsen, Windsor, Hendrix, and the Franklin County Treasurer are listed in the caption, Mitchell does not state any factual allegations involving them. (*See, e.g.*, Doc. 4-1, #142 (listing defendants)). And "[i]t is a basic pleading requirement that a plaintiff attribute factual allegations to particular defendants." (Doc. 6, #170 (citing *Twombly*, 550 U.S. at 544)). So the Magistrate Judge did not err in recommending dismissal for those Defendants as well.

Therefore, the Court **ADOPTS** the R&R (Doc. 6), **DISMISSES WITH PREJUDICE** Mitchell's claims against the Judge Defendants and the Franklin County Recorder's Office, and **DISMISSES WITHOUT PREJUDICE** Mitchell's claims against the attorney Defendants and the other remaining Defendants, except for the claims against KeyBank National Association, which may proceed. (Docs. 4, 4-1, 5).

**SO ORDERED.**

November 3, 2025
**DATE**

　　　　　　　　　　　　　　　　　　DOUGLAS R. COLE
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**