**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

LOWANDA MITCHELL,

      **Plaintiff,**

                                             **Case No. 2:25-cv-310**

    v.

                                             **JUDGE DOUGLAS R. COLE**

KEYBANK NATIONAL                       **Magistrate Judge Deavers**
ASSOCIATION, et al.,

      **Defendants.**

## <u>OPINION AND ORDER</u>

In this action, Plaintiff Lowanda Mitchell challenges various conduct that the sole remaining defendant, KeyBank National Association, undertook in connection with a foreclosure action that it pursued based on the mortgage it had issued on her home. (Compl., Docs. 4, 4-1, 5).[1] KeyBank has since moved to dismiss, citing the res judicata effect of a state court foreclosure judgment. (Doc. 14). When Plaintiff failed to respond, the Magistrate Judge issued an Order to Show Cause why (1) the motion should not be treated as unopposed, or (2) the matter should not be dismissed for failure to prosecute. (Doc. 16). Plaintiff's time to respond to that Show Cause Order has likewise passed. Accordingly, as explained below, the Court **GRANTS** KeyBank's Motion to Dismiss (Doc. 14) and **DISMISSES** this action **WITH PREJUDICE**, due to Mitchell's failure to overcome KeyBank's res judicata argument.

---

[1] After Magistrate Judge Deavers granted permission for Mitchell to proceed in forma pauperis (IFP), (Doc. 3), Mitchell filed three documents labeled as Complaints (Docs. 4, 4-1, 5). Because the Court liberally construes a pro se litigant's pleadings, the Court considers these documents collectively as her Complaint and cites them interchangeably.

## BACKGROUND

Back in 2002, Mitchell secured a mortgage on her home from KeyBank. (Doc. 5, #149; Note, Doc. 14-4). Twenty years later, in 2022, KeyBank moved for foreclosure against Mitchell in the Franklin County Court of Common Pleas due to her defaulting on that loan. (Doc. 14, #185; *see also* Foreclosure Dkt., Doc. 14-1). The state court granted judgment in favor of KeyBank, and so the house was sold at a sheriff's sale and the proceeds distributed to KeyBank. (Doc. 14, #185; Final J. Entry, Doc. 14-2, #210; 3d Am. J. Entry, Doc. 14-3, #220–21).

Mitchell, naturally upset by this outcome, sued KeyBank, as well as nine other Defendants involved in the state court action, in this Court, raising a slew of claims. (Docs. 4, 4-1, 5; *see* R&R, Doc. 6, #164–67 (summarizing claims)). Essentially, she argues the foreclosure was improper because, at some point, KeyBank transferred the mortgage from one KeyBank entity ("KeyBank National Association") to another ("KeyBank National Home Loan Trust 2002–6"). (Doc. 4, #115). The transfer supposedly "strip[ped] Plaintiff of her rights under the mortgage agreement," (*id.*), and so she was "forcibly removed from her home based on misrepresentations to the court and fraudulent documents," (Doc. 5, #150).

Because Mitchell was proceeding IFP, Magistrate Judge Deavers screened her Complaint and issued a Report and Recommendation (R&R). (Doc. 6, #161). There, the Magistrate Judge recommended the Court dismiss all of Mitchell's claims except those against KeyBank. (*Id.* at #170). The Court adopted the R&R, leaving KeyBank as the sole remaining defendant. (Doc. 15).

Before the Court adopted the R&R, but perhaps recognizing the claims against it were going to move forward, KeyBank moved for dismissal, arguing that res judicata bars Mitchell's claims, (Doc. 14, #189–91), and alternatively, that each claim fails as a matter of law, (*id.* at #191–203). Mitchell did not respond. Four months later, the Magistrate Judge ordered Mitchell to show cause within fourteen days as to "why the Court should not treat the Motion to Dismiss as unopposed and why this case should not be dismissed for want of prosecution." (Doc. 16, #268 (emphasis removed)). Mitchell didn't respond to that either. So the motion is ready for the Court's review.

## LAW AND ANALYSIS

The Court dismisses this action due to the interplay of two reasons. First, despite express warnings about the consequences that might ensue, Plaintiff declined to prosecute her action. (Doc. 16, #268). *See* Fed. R. Civ. P. 41(b). Given Mitchell's pro se status, though, the Court declines to dismiss her action solely of that ground. But that nonetheless leads to the second reason. Mitchell's failure to respond means that KeyBank's motion is unopposed. And based on the Court's review of that unopposed motion, res judicata bars Mitchell's claims.

## A.    The Motion to Dismiss is Unopposed.

The Court starts with Mitchell's failure to prosecute this action and oppose KeyBank's Motion to Dismiss. KeyBank moved to dismiss on July 7, 2025, (Doc. 14), meaning Mitchell needed to respond by July 30, *see* S.D. Ohio Civ. R. 7.2(a)(2); Fed. R. Civ. P. 6(d). But Mitchell did not do so. Giving Mitchell, who is proceeding pro se,

the benefit of the doubt, perhaps she did not realize she needed to respond by that day. But even so, the Magistrate Judge has since issued a show cause order that expressly and unequivocally warned Mitchell that failure to respond could result in dismissal for failure to prosecute. (Doc. 16). Yet over three months have passed (and seven months since KeyBank filed the original motion), and Mitchell still has neglected to respond.

Mitchell's failure has two consequences. First, when a plaintiff fails to respond to a show cause order, that lack of response amounts to a failure to prosecute. *See Rogers v. City of Warren*, 302 F. App'x 371, 375 (6th Cir. 2008). Second, by failing to respond, Mitchell has "waived opposition to the motion." *Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) (quotation omitted). Either, in and of itself, could provide a basis for dismissing the action. But dismissal would be a harsh sanction. *See Schreiber v. Moe*, 320 F. App'x 312, 317–18 (6th Cir. 2008). And so, especially given Mitchell's pro se status, the Court declines to rely solely on her failure to respond and will instead briefly review KeyBank's (uncontroverted) arguments.

**B.** **The Court Grants the Motion to Dismiss Because Res Judicata Bars Mitchell's Claims.**

"Under the doctrine of res judicata, 'a final judgment on the merits bars further claims by parties or their privies on the same cause of action.'" *U.S. ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 414 (6th Cir. 2016) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). Federal courts, when analyzing whether res judicata bars a claim, "must give the same preclusive effect to a state-court judgment

4

as that judgment receives in the rendering state." *Id.* (quotation omitted). Because KeyBank argues that an Ohio state-court judgment bars Mitchell's federal action, the Court looks to Ohio law. And in Ohio, res judicata requires four elements: (1) a final decision on the merits; (2) a prior action involving the same parties as the current action; (3) the current action raises claims that were or could have been litigated in the first action; and (4) both actions arise out of the same transaction or occurrence. *William Powell Co. v. Nat'l Indem. Co.*, 18 F.4th 856, 869–70 (6th Cir. 2021). And Ohio Rule of Civil Procedure 13(A) "requires all existing claims between opposing parties that arise out of the same transaction or occurrence be litigated in a single lawsuit, regardless of which party initiates the lawsuit." *Rettig Enters., Inc. v. Koehler*, 626 N.E.2d 99, 102 (Ohio 1994).

Res judicata clearly bars Mitchell's claims against KeyBank. The Franklin County Court of Common Pleas' order is plainly a final judgment on the merits, meeting the first criteria. (Doc. 14-2, #214 (noting "this is a final appealable order"); Doc. 14-3, #220 (confirming sale of house and distributing proceeds)). As for the second element, the state case also involved KeyBank and Mitchell, the same parties here. (Doc. 14-1, #206).[2] Moving on to the third element, Mitchell's various claims— fraud, breach of fiduciary duties, statutory violations, and other misconduct—all

---

[2] The state court case did not necessarily include all of the other Defendants Mitchell sued in this Court. But those Defendants have already been dismissed on other grounds, (*see* Doc. 15), so they do not affect the Court's res judicata analysis. *See Bell v. Michigan*, No. 1:19-cv-233, 2019 WL 5677594, at *3–5 (W.D. Mich. Nov. 1, 2019) (dismissing some defendants due to sovereign immunity and failure to adequately state a claim while dismissing other defendants due to res judicata in a similar context).

center around KeyBank's alleged conduct surrounding the foreclosure and the events leading up to those foreclosure proceedings. (*See* Doc. 6, #164–67 (summarizing key factual allegations and causes of action)). It certainly seems that she could have raised these claims and defenses in the original state court foreclosure proceedings. And, as she has elected not to respond to KeyBank's motion here, she has voluntarily foregone (twice over) any opportunity to explain why she could not have done so. Finally, as KeyBank succinctly states, "[b]oth cases arise from the same transaction or occurrence—KeyBank's efforts to enforce the Note and Mortgage." (Doc. 14, #190). As all four elements are met, res judicata bars Mitchell's claims against KeyBank.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** KeyBank's Motion to Dismiss (Doc. 14) and **DISMISSES** this action **WITH PREJUDICE**. Therefore, the Court **ORDERS** the Clerk to enter judgment in favor of KeyBank and **TERMINATE** this matter.

**SO ORDERED.**

February 19, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

6